UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL RUIZ GUERRERRO
v.
MIGUEL A. MUÑOZ-MUÑOZ et al.,

CASE NUMBER: 98-1425 (DRD)

RECEIVED AND FILED
99 SEP 30 PM 12:34
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

## ORDER

Pending before the court is defendants' Third Motion to Dismiss as to Co-defendants Miguel Muñoz, Ana M. Cruz Medina and Milton Colón. (Docket No. 27). Plaintiff filed an opposition to co-defendants' motion to dismiss (Docket No. 32).

On June 23, 1999, the Court granted plaintiff "one final opportunity to plead sufficient facts to make a claim for political discrimination (or any other claim they may with [sic] to assert) against defendants." (Docket no. 24) Plaintiff complied and filed amended complaint on July 6, 1999. Now defendants Miguel Muñoz, Ana M. Cruz Medina and Milton Colón seek dismissal of the amended complaint for failure to allege with particularity "the specific instances and facts which serve as the basis of the alleged 'political discrimination.'" (Docket no. 27 at pg. 2) Plaintiff filed opposition maintaining that "the newly amended complaint includes allegations, with particularity and sufficiency, that all defendants... were involved in the conspiracy and discrimination tactics against plaintiff." (Docket no. 32 at pg. 2) The Court agrees with the moving co-defendants.

As to the moving co-defendants, plaintiff still has not alleged sufficient facts to support a claim of political discrimination, much less of conspiracy to commit political discrimination. Although plaintiff's New Amended Complaint does mention the movants as part of a conspiracy to violate plaintiff's civil rights, the complaint asserts no facts or refers to any incidents to support this conclusion. This flaw by plaintiff is sufficient to warrant the dismissal of plaintiff's complaint as to the moving co-defendants. See Coyne v. City of Sommerville, 972 F.2d 440 (1st Cir. 1992); Correa Martínez v. Arrillaga Beléndez, 903 F.2d 49 (1st Cir. 1990).

After plaintiff filed his original complaint, this Court has granted plaintiff two additional opportunities to amend his complaint and state a claim against defendants. On each one of these occasions plaintiff's efforts have failed. Now plaintiff makes a fourth attempt to state a claim by filing an unauthorized, fourth Amended Complaint. (Docket no. 33). Even if this complaint were accepted by the Court, however, plaintiff's allegations against the moving co-defendants are still insufficient. On this fourth occasion plaintiff has simply added conclusive allegations against the movants, without stating any supportive facts. As already stated, such allegations are insufficient to state a claim of discrimination or conspiracy to discriminate. Accordingly, plaintiff's complaint is **DISMISSED WITH PREJUDICE** as to co-defendants Miguel Muñoz, Ana M. Cruz Medina and Milton Colón.

Plaintiff's complaint is also **DISMISSED WITH PREJUDICE** as to the Commonwealth of Puerto Rico, for the Eleventh Amendment renders the Commonwealth immune from being sued in the federal courts by citizens of the Commonwealth. Metcalf & Eddy v. P.R. Aqueduct & Sewer Authority, 991 F.2d 935, 938 (1st Cir. 1993); De León López v. Corporación Insular de Seguros, 931 F.2d 116, 121 (1st Cir. 1991); Ezratty v. Com. of Puerto Rico, 648 F.2d 770, 776 n. 7 (1st Cir. 1981); Pérez v. Rodríguez Pou, 575 F.2d 21 (1st Cir. 1978).

As a result of today's order, plaintiff's request for additional time to comply with Court's order of August 10, 1999 (Docket No. 30) is hereby rendered moot.

IT IS SO ORDERED.

This order disposes of Docket Nos. 27 & 30.

Date: September 30, 1999

DANIEL R. DOMINGUEZ
U.S. District Judge

P:\98-1425B.PCH