UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| ANGEL RUIZ GUERRERO | * |
| Plaintiff | * |
| v. | * CASE NUMBER: 98-1425 (DRD) |
| MIGUEL A. MUÑOZ MUÑOZ, et al | * |
| Defendants | * |

\* \* \* \* \* \* \*

## ORDER

Given the liberal standard applicable in determining whether a Complaint should be dismissed for failure to state a claim, see Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102 (1957) (court should not dismiss Complaint unless it appears that plaintiff can prove no set of facts in support of his claim); Brown v. Hot, Sexy and Safer Prod., Inc., 68 F.3d 525, 530 (1st Cir. 1996) (courts must accept as true all well pleaded allegations in the Complaint and indulge in all reasonable inferences in favor of a plaintiff), the Court reconsiders its prior decision and GRANTS Plaintiffs' Request for Relief of Order of Dismissal (Docket No. 37).[1] If Plaintiff is ultimately able to offer admissible proof in support of his allegations against Co-defendants Miguel Muñoz, Ana M. Cruz Medina, and Miltón Cruz, particularly Paragraphs 5, 7, 9, 10, 12, 13, & 14 of the Amended Complaint filed with his opposition to Defendants' Third Motion to Dismiss, see Docket No. 33, Plaintiff will be entitled to some form of relief under 42 U.S.C. § 1983, 19985, and 1988.[2] Accordingly, the Court grants Plaintiffs' motion (Docket No. 33) and reconsiders its decision to dismiss Plaintiffs' Amended Complaint against Co-defendants Miguel Muñoz, Ana M. Cruz Medina, and Milton Cruz. Co-defendants Miguel Muñoz, Ana M. Cruz Medina, and Miltón Cruz

---

[1] See other cases on liberal standard for dismissal for failure to state a claim: Collyer v. Darling, 98 F.3d 211 (6th Cir. 1996); Brooks v. City of Winston-Salem, 85 F.3d 178 (4th Cir. 1996); Leeds v. Meltz, 85 F.3d 51 (2nd Cir. 1996); Carreiro v. Rhodes Gill and Co., Ltd., 68 F.3d 1443 (1st Cir. 1995).

[2] Although Docket No. 33 was filed as a fourth attempt to meet pleading standards and without prior court authorization, in the interest of justice and to promote adjudication of claims on their merits, the Court exercises its discretion and accepts the Amended Complaint. See U.S. v. Massachusetts Maritime Academy, 762 F.2d 142, 151, n. 12 (1st Cir. 1984); Marcial Ucin, S.A. v. SS Galicia, 723 F.2d 994, 1001 (1st Cir.1983); Corey v. Look, 641 F.2d 32, 38 (1st Cir.1981). Cf. Johnston v. Holiday Inns, Inc., 595 F.2d 890, 896 (1st Cir.1979) (leave to amend within discretion of trial court).

must answer the Amended Complaint (Docket No. 33) within twenty (20) days. Once all Defendants have answered the Amended Complaint, Plaintiff is to move the Court for an Initial Scheduling Conference.

IT IS SO ORDERED.

Date: May _5_, 2000

DANIEL R. DOMINGUEZ
U.S. District Judge

| Rec'd: | EOD: |
|---|---|
| By: | # |

N.\98-1425 REC