UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ANGEL RUIZ-GUERRERO,
Plaintiff,

v.                                                           CASE NUMBER: 98-1425 (DRD)

MIGUEL A. MUÑOZ-MUÑOZ, et al.,
Defendants,

## ORDER

Defendants filed a motion for summary judgment (Docket #75) on February 7, 2002. Local Rule 311.5 provides for ten (10) days for an opposition to such a motion. In place of an opposition, the Plaintiff filed a motion to strike the Defendants' motion for summary judgment. As of the present date, no opposition has been filed.

Pursuant to a "Pretrial Conference" (Docket #78) on February 6, 2002, at which counsel for both parties were present, this Court acknowledged that the record was silent as to a deadline for the filing of dispositive motions. In the absence of such a deadline, this Court granted the Defendants leave to file a motion for summary judgment, explicitly noting that the Plaintiff was to oppose the motion within 10 days of its filing, as required by Local Rule 311.5. Notwithstanding the deadlines set by this Court in the pretrial conference, the Plaintiff has yet to file an opposition, opting instead to file a motion to strike the Defendants' motion for summary judgment (Docket #80) on February 22, 2002. The Plaintiff contends that this Court should grant his motion because under Local Rule 314(2) the motion for summary judgment is in violation of the scheduling order; alternatively, the Plaintiff argues that the motion is deficient and invalid because it fails to point to specific evidence on the record. This Court rejects the first argument and declines to consider the second argument until the opposition is filed. Rule 314(2) specifically stipulates that the scheduling order may be modified "by leave of the Court, upon showing of good cause." When the scheduling order was found to be silent as to the deadline for dispositive motions, this Court exercised its discretion to allow the Defendants to submit a motion for summary judgment, specially because the Defendant claimed that a "qualified immunity" defense would be brought forth. Having done this, the Plaintiff's first argument fails and the motion to strike cannot succeed. The Plaintiff's second argument, which speaks to the merit of Defendants' summary judgment, cannot be addressed until an opposition is filed. The Plaintiff may resubmit this argument in his opposition.

Although the Plaintiff's motion to strike is **DENIED**, the Plaintiff is granted until Friday, June 28, at 5 p.m. to submit an opposition including all relevant papers, as well as "a separate, short, and concise statement of the material facts as to which it is contended there exists a genuine issue to be tried, properly supported by reference to the record" Local Rule 311.12. **NO FURTHER EXTENSIONS SHALL BE GRANTED, AND FAILURE TO FILE A TIMELY OPPOSITION MAY RESULT IN THE GRANTING OF THE MOTION FOR SUMMARY JUDGMENT AND/OR SUMMARY DISMISSAL OF THIS CASE.**

IT IS SO ORDERED.

June 14, 2002.                                    DANIEL R. DOMINGUEZ
                                                  U.S. District Judge